# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

TERRELL REID,                        )
                                     )
   Plaintiff,        )
                                     )
  v.                       )  No. 4:24-CV-261-JMB
                                     )
MERRICK GARLAND,                     )
                                     )
   Defendant.         )

## MEMORANDUM AND ORDER

Before the Court is the motion of Terrell Reid for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion, and has determined to grant it. The Court has also reviewed the complaint, and has determined it fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action at this time, without prejudice.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a

right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).   This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone,* 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Related Case

According to publicly-available documents in the criminal matter *United States v. Terrell Reid, et al.,* No. 4:19-CR-00327-RWS-1 (E.D. Mo. 2019), Plaintiff met an undercover agent in a hotel on April 16, 2019 to buy cocaine.  Plaintiff gave the agent a Louis Vuitton bag containing $86,800.  Plaintiff was arrested, the bag and money were seized, and Plaintiff was charged by

superseding indictment with drug and firearms offenses. The government later dismissed the charges, and Plaintiff filed motions seeking the return of the bag, money, and other items.

On July 19, 2022, following an evidentiary hearing, the Honorable Rodney W. Sippel denied the motions. Judge Sippel noted that Plaintiff failed to present evidence that he was lawfully entitled to possess the property. Judge Sippel noted that the record did not establish Plaintiff's ownership, either, and in fact showed that he had left the hotel room to retrieve the bag from someone else. Judge Sippel noted that even if Plaintiff had established ownership, the government had established that he used the property to attempt to illegally purchase a controlled substance. Judge Sippel wrote:

> Furthermore, under the doctrine of *in pari delicto*, an individual in Reid's position cannot invoke the authority of the courts to recover money surrendered under an illegal contract. *See United States v. Farrell*, 606 F.2d 1341, 1350 (D.C. Cir. 1979) (concluding that Farrell could not recover the money he gave an undercover officer to purchase heroin because "it is contrary to public policy to permit the courts to be used by [a] wrongdoer…to obtain the property he voluntarily surrendered as part of his attempt to violate the law").[] The Eighth Circuit applied the doctrine in *United States v. Smith*, 659 F.2d 97 (8th Cir. 1981), holding that a defendant who gave $25,000 to an undercover DEA agent to purchase hashish could not recover that money.

*United States v. Terrell Reid, et al.*, No. 4:19-CR-00327-RWS-1, ECF. No. 271 at 5-6.

Judge Sippel rejected Plaintiff's assertions that he did not voluntarily surrender the property and was a victim of entrapment, noting his testimony at a July 16, 2020 evidentiary hearing in which he admitted he knew he had broken the law. *Id.* at 8. Judge Sippel concluded that even if Plaintiff had met his burden to show lawful entitlement to the property, he could not recover it under the doctrine of *in pari delicto* and the derivative contraband theory. Plaintiff filed a Notice of Appeal, and on September 2, 2022, the Eighth Circuit Court of Appeals affirmed Judge Sippel's decision. This Court takes judicial notice of the foregoing public

records that are filed in this United States District Court, and relate to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

**The Complaint**

Plaintiff prepared the complaint using a court-provided form, as required by this Court's Local Rules. *See* E.D.Mo. L. R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Plaintiff filed the complaint against Merrick B. Garland, the United States Attorney General. Plaintiff does not specify whether he sues Attorney General Garland in his official or individual capacity, even though the form complaint directs him to provide that information. The Court therefore presumes that the Complaint includes only official capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

Plaintiff invokes this Court's federal question jurisdiction, and writes:

> Violation of Due Process of Law: Seizure of property without the due process of law afforded by Constitution and/or Law. Malicious prosecution, the prosecution did not end in a conviction, the defendant was released from all charges.

(ECF No. 1 at 3). In the section of the form complaint provided for Plaintiff to state whether the suit is against the Federal Government, a federal official, or a federal agency, Plaintiff writes:

> United States Attorney General, Merrick Garland, who is responsible for the actions of those under him to include but not be limited to Prosecutors, [Federal] and State Law Enforcement Officials.

*Id.* In the section of the form complaint provided for Plaintiff to set forth his statement of claim, he writes:

> Law Enforcement Officials did entrap and arrest the Plaintiff, and did seize an amount of money in excess of 87,000 dollars illegally, as well as other physical

4

property in ecess of 8,000 dollars. There was zero due process under the law for either Criminal or Civil Forfeiture, and to date the Attorney General nor the Courts have moved to return the property even after the Attorney General by and through AUSA voluntarily dismissed the charges due to the CRIMINAL acts and civil violations executed by LEOs in the case. (see memorandum of law for more specifics) The case did not end in a conviction and the Defendant was released with no further conditions, all due to the illegal and Unconstitutional activities and actions by law enforcement officxials. (See Memorandum of law)

*Id.* at 5.[1]  As relief, Plaintiff seeks:

> $95,000.00 in actual Damages
> $375,000.00 in Compensatory Damages (loss of use/value)
> $2.5 Million dollars in Punitive damages

*Id.* at 4.

Plaintiff also filed a 19-page typewritten document titled "Memorandum of Law in Support of Civil Rights Violation Suit." (ECF No. 2). Plaintiff states he brings civil rights claims pursuant to 42 U.S.C. § 1983. He describes his April 2019 arrest and indictment, and the subsequent dismissal in *United States v. Reid, infra,* but does not specifically cite that case. He alleges that his property was wrongfully taken, including $87,000 in cash, a Louis Vuitton bag, and electronic devices. He states he filed motions seeking the return of the property, which the government opposed. He claims the government is illegally holding his property and the property should have been returned to him at the time the charges were dismissed, and he contends the government did not follow proper procedure. He states he now "seeks redress from this court in a suit to recover his property along with compensatory and punitive damages." *Id.* at 2.

## Discussion

Plaintiff states he brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department*

---

[1] The text is quoted verbatim without correction of errors.

*of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, Plaintiff does not allege that Attorney General Garland, or any other person, violated his federally-protected rights while acting under color of state law. Plaintiff therefore lacks an essential element of a § 1983 claim.

The Court has considered whether the complaint states a valid claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and concludes it does not. The complaint does not present a cause of action that the Supreme Court has previously recognized under *Bivens*, and expanding *Bivens* is "now a 'disfavored' judicial activity." *Ziglar v. Abbasi,* 582 U.S. 120, 121 (2017) (quoting *Iqbal,* 556 U.S. at 675). Congress, not this Court, is best suited to authorize a damages remedy for the claims Plaintiff asserts. *See Egbert v. Boule,* 596 U.S. 482, 496 (2022). Even if this case was the type for which a *Bivens* remedy was available, it would be dismissed. As noted above, Plaintiff sues Attorney General Garland in his official capacity. An official capacity *Bivens* suit is treated as asserted against the United States, and a *Bivens* action cannot be prosecuted against the United States due to sovereign immunity. *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). *See also Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny does not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials").

For the foregoing reasons, the Court concludes that the complaint fails to state a claim upon which relief may be granted and will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.   A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of May, 2024.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE